UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN BREWER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 16-2179 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

# ORDER AND OPINION

Now before the Court is Petitioner Brewer's Motion [1] to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's Motion [1] is DENIED and the Court declines to issue a Certificate of Appealability.

### BACKGROUND

On January 7, 2014, Darren Brewer entered an open plea of guilty to a two-count indictment charging him with possession with intent to distribute 28 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *United States v. Brewer*, No. 13-20051 (C.D. Ill. 2014) The Presentence Report found the following prior convictions qualified him as an Armed Career Criminal and thus subject to a 15-year mandatory minimum sentence under 18 U.S.C. § 924(e):

1. Attempted Armed Robbery, Kankakee County, Illinois, Circuit Court, Case No. 1985-CF-107;
2. Aggravated Robbery, Kankakee County, Illinois, Circuit Court, Case No. 1995- CF-369;
3. Aggravated Robbery, Kankakee County, Illinois, Circuit Court, Case No. 1995-CF-308;
4. Robbery, York County, Pennsylvania, Court of Common Pleas, Case No. 1147-CR-2004;

5. Aggravated Robbery, Kankakee County, Illinois, Circuit Court, Case No. 2003-CF-378;
6. Aggravated Robbery, Kankakee County, Illinois, Circuit Court, Case No. 2003-CF-379.

Doc. 18 (Revised Presentence Report at ¶ 37). On May 29, 2014, Judge McCuskey sentenced Brewer to concurrent terms of 180 months' imprisonment on Counts 1 and 2. No appeal was filed.

On June 21, 2016, Brewer filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. Therein, Brewer argues that following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015), the "robbery charges" that resulted in his classification as an Armed Career Criminal were too vague to qualify as violent felonies. Specifically, Brewer points to his Pennsylvania conviction for robbery and his aggravated robbery convictions in Kankakee County, Case Nos. 2003-CF-378 and 2003-CF-379, as invalid predicate offenses under the ACCA. The Government has filed a Response in opposition to Brewer's Motion. Doc. 7. This Order follows.

## LEGAL STANDARD

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

## DISCUSSION

Brewer is not entitled to relief under § 2255 following *Johnson* because he still has at least three predicate violent felonies necessary to subject him to an increased sentence under the AACA. Specifically, "the Seventh Circuit has repeatedly held that robbery as defined by Illinois law is a crime of violence" because it falls within the elements—and not the residual—clause of the ACCA. *Mosley v. United States*, No. 3:16-CV-00206-NJR, 2017 WL 4518337, at *2 (S.D. Ill. Oct. 10, 2017) (citing *United States v. Smith*, No. 16-1895, 2016 WL 5867263, at *1 (7th Cir. Oct. 7, 2016); *United States v. Watson-El*, 376 Fed. Appx. 605, 608 (7th Cir. 2010); *United States v. Melton*, 75 Fed.Appx. 539, 545 (7th Cir. 2003); *United States v. Bedell*, 981 F.2d 915, 916 (7th Cir. 1992); *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990)). Because Brewer has four predicate convictions for aggravated robbery in Illinois, and those convictions remain unaffected by *Johnson*, his ACCA-enhanced sentence remains valid. Accordingly, Brewer is not entitled to relief under § 2255.

## CERTIFICATE OF APPEALABILITY

To obtain a Certificate of Appealability under § 2253(c), "a habeas prisoner must make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). This means that the prisoner must show "that reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 484. Here, reasonable jurists could not debate that the claim presented in Brewer's Motion—that *Johnson* invalidated Petitioner's ACCA-enhanced sentence based on his prior robbery convictions—should have been resolved differently. Accordingly, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion [1] is DENIED and the Court declines to issue a Certificate of Appealability.

This matter is now terminated.

Signed on this 13th day of December, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge